UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KELVIN CANADA,<br>Plaintiff,<br><br>v.<br><br>A.T. WALL, JAMES WEEDEN,<br>MATHEW KETTLE, JEFFREY ACETO,<br>JOSEPH JANKOWSKI, WALTER<br>DUFFY, JENNIFER CLARKE, and<br>SIMON MELNICK, in their individual<br>and official capacities,<br>Defendants. | C.A. No. 17-102-JJM-PAS |

ORDER

Kelvin A. Canada has been incarcerated since his 1994 conviction in Virginia for murder, attempted murder, use of a firearm, shooting into an occupied vehicle, and shooting into an occupied building. *See Canada v. Ray*, No. 7:05CV00362, 2005 WL 2122703, at *1 (W.D. Va. Sept. 2, 2005).[1] In June 2016, Virginia officials

---

[1] During his time in Virginia, Mr. Canada filed at least twenty separate federal court actions pursuant to 42 U.S.C. § 1983 alleging various constitutional violations. *See Canada v. Rountree*, No. 2:13-cv-00013 (E.D. Va. Feb. 16, 2018); *Canada v. Gilbert*, No. 7:16CV00190, 2016 WL 6082050 (W.D. Va. Oct. 18, 2016); *Canada v. Gregg*, No. 7:16CV00266, 2016 WL 5415915 (W.D. Va. Sept. 28, 2016); *Canada v. Clarke*, No. 7:15CV00065, 2016 WL 5416630 (W.D. Va. Sept. 27, 2016); *Canada v. Barksdale*, No. 7:15CV00324, 2016 WL 4595694 (W.D. Va. Sept. 2, 2016); *Canada v. Clarke*, No. 2:14-cv-00202 (E.D. Va. Apr. 3, 2015); *Canada v. Mathena*, No. 7:13CV00322, 2014 WL 3748300 (W.D. Va. July 29, 2014); *Canada v. Miller*, No. 7:13-cv-00323 (W.D. Va. Apr. 16, 2014); *Canada v. Davis*, No. 7:11cv00569, 2012 WL 5285691 (W.D. Va. Oct. 23, 2012); *Canada v. Wright*, No. 7:11cv00499, 2012 WL 3061154 (W.D. Va. July 26, 2012); *Canada v. Clarke*, No. 7:11cv00408, 2011 WL 4910393 (W.D. Va. Oct. 11, 2011); *Canada v. Johnson*, No. 7:11-cv-00369 (W.D. Va. Aug. 3, 2011); *Canada v. Fannin*, No. 7:10-cv-00432, 2011 WL 2600578 (W.D. Va. June 29, 2011); *Canada v. Ray*, No. 7:08cv00219, 2009 WL 2448557 (W.D. Va. Aug.

transferred Mr. Canada to the Rhode Island Adult Correctional Institution ("ACI").[2] *Canada v. Gilbert*, No. 7:16CV00190, 2016 WL 6082050, at *1 n.1 (W.D. Va. Oct. 18, 2016). While at the ACI, Mr. Canada filed this case alleging myriad constitutional violations by employees of the Rhode Island Department of Corrections. Specifically, Mr. Canada alleges that he was wrongfully disciplined; had nude photos, newspapers, magazines, and books confiscated; was deprived of outdoor recreation; was deprived the use of his MP3 player; and was subjected to unsanitary conditions of confinement. ECF No. 14. Defendants Ashbel T. Wall II, James Weeden, Mathew Kettle, Joseph Jankowski, Walter Duffy, and Jeffrey Aceto (the "State Defendants") have filed a Motion to Dismiss. ECF No. 58.

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff's claim is plausible when it states sufficient facts that allow "the court to draw the reasonable inference that the defendant is liable." *Id.*

"The Court must accept a plaintiff's allegations as true and construe them in

---

10, 2009); *Canada v. Ray*, No. 7:06CV000190, 2006 WL 2709637 (W.D. Va. Sept. 20, 2006); *Ray*, 2005 WL 2122703; *Canada v. Angelone*, No. 7:02-cv-00557 (W.D. Va. July 30, 2002); *Canada v. Harris*, No. 2:98-cv-00374 (E.D. Va. Oct. 6, 1998); *Canada v. Santiago*, No. 7:96-cv-00012 (W.D. Va. June 25, 1996); *Canada v. Miller*, No. 7:95-cv-01300 (W.D. Va. Feb. 16, 1996).

[2] Mr. Canada has since been transferred to South Carolina (ECF No. 33), where he has continued filing federal lawsuits. *See Canada v. Stirling*, No. 5:17-cv-02785 (D.S.C. Oct. 13, 2017).

the light most favorable to the plaintiff, and review pleadings of a pro se plaintiff liberally. However, the Court need not credit bald assertions or unverifiable conclusions." *Tucker v. Wall*, No. 07-406 ML, 2010 WL 322155, at *8 (D.R.I. Jan. 27, 2010) (citations omitted).

1. Confiscated Nude Photographs (Claim 1)

Mr. Canada alleges that Defendant Captain Duffy violated his constitutional rights when he "unconstitutionally confiscated 9 nude photos from [his] property." ECF No. 14 at 4. He also alleges that on two occasions the month before, unnamed person(s) denied him "17-nude photos" from an "approved vendor." *Id.*

First, this claim only applies to Defendant Captain Duffy; Mr. Canada fails to make any specific allegation against any other individual Defendant related to the confiscation of nude photos. And as Captain Duffy, Mr. Canada does not set forth sufficient plausible facts to establish a constitutional violation.

"[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests. In our view, such a standard is necessary if 'prison administrators . . ., and not the courts, [are] to make the difficult judgments concerning institutional operations." *Turner v. Safley*, 482 U.S. 78, 89 (1987) (alterations in original) (quoting *Jones v. N.C. Prisoners' Union*, 433 U.S. 119, 128 (1977)).

As Mr. Canada knows from when he sued officials at the Red Onion State Prison in Virginia over possession of nude photographs, a "prison has a legitimate interest in keeping order, which may be negatively impacted by prisoners' possession

3

of naked pictures of wives or girlfriends." *Canada v. Ray*, No. 7:08cv00219, 2010 WL 2179062, at *5 (W.D. Va. May 28, 2010); *see Canada v. Ray*, No. 7:08cv00219, 2011 WL 565611, at *6–7 (W.D. Va. Feb. 9, 2011) ("[I]t axiomatic that the possession of intimate photographs of friends, girlfriends, or wives has a greater potential to lead to tension and conflict . . . , and, therefore, that banning intimate personal photographs is rationally related to controlling conflict."), *aff'd*, 437 F. App'x 263 (4th Cir. 2011); *see also Moses v. Dennehy*, 523 F. Supp. 2d 57, 63 (D. Mass. 2007) (holding that "a ban on nude, semi-nude, or sexually explicit material is not wholly irrational or arbitrary on its face with respect to prison safety," and that, "as matter of law . . . there is a rational relationship between the banning of sexually explicit material and the safety and rehabilitation efforts" of the department of corrections).

Because Mr. Canada fails to meet his burden of alleging unconstitutional acts by Captain Duffy, the Court dismisses this claim.

2. Confiscated Hardcover Books (Claim 2)

Mr. Canada alleges that the State Defendants did not allow him to have or purchase hardcover books, including dictionaries, encyclopedias, and medical and law books. However, Mr. Canada fails to set forth any hardcover books that he wanted to purchase that were not also available in softcover. He has therefore failed to show any "actual injury" resulting from the denial of access to hardcover books. *See Pressley v. Beard*, 266 F. App'x 216, 218 (3d Cir. 2008). Moreover, he fails to attribute these acts to any of the named State Defendants. Therefore, Mr. Canada fails to state a claim upon which relief can be granted.

4

3. Disciplinary Confinement (Claims 3, 5, and 7)

Mr. Canada complains of the disciplinary confinement he received after prison officials found him guilty of certain prison infractions.[3] He asserts that, because of the discipline, he was deprived of phone calls, visitation, newspapers, television, radio, programs, a desk, shelves in his cell, and proper shoes. ECF No. 14 at 8.

The Due Process Clause standing alone confers no liberty interest in freedom from state action taken within the sentence imposed. *Sandin v. Conner*, 515 U.S. 472, 480 (1995). To implicate a liberty interest protected by the Due Process Clause, a plaintiff must allege a deprivation that is an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. The deprivations alleged by Mr. Canada, accepted as true as the Court must, do not rise to the level afforded constitutional protection. *See id.* at 485–86.

To the extent Mr. Canada's claims implicate the First Amendment, those claims must also be dismissed. *See Pona v. Weeden*, No. 16-612 S, 2017 WL 3279012, at *7 (D.R.I. June 29, 2017) (collecting cases and holding that "[l]imiting the access to reading materials of prisoners with the most serious behavioral problems is consistent with the exercise of an appropriate experience-based professional judgment by prison officials seeking to further legitimate prison objectives"), *adopted*, 2017 WL 3278874 (D.R.I. Aug. 1, 2017).[4]

---

[3] Although nominally asserting these claims against all of the State Defendants, the only Defendant Mr. Canada makes a specific allegation against in this regard is Captain Duffy. *See* ECF No. 14 at 19.

[4] Mr. Canada also claims that the State deprived of newspapers (*id.* at 14 (Claim 5)) and "essays, pamphlets, and internet documents" (*id.* at 18 (Claim 7))

### 4. Outdoor Recreation (Claim 4)

While housed in "maximum security–segregation," Mr. Canada alleges that prison officials denied him his "mandatory" one-hour outdoor recreation, although he concedes that he received forty-five minutes of "Inblock/Indoor recreation." ECF No. 14 at 12. It is unclear from the pleadings from where Mr. Canada alleges this "mandatory" one hour of outdoor recreation comes. *See id.* Deprivation of outdoor exercise does not raise a constitutional violation per se. *Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir. 1988); *Torres Garcia v. Puerto Rico*, 402 F. Supp. 2d 373, 383 (D.P.R. 2005). Absent a plausible allegation to establish a constitutional violation, Mr. Canada's claim fails.

### 5. Placement in Rear Room (Claim 6)

Mr. Canada alleges that the State placed him in the "hospital rear room" for thirty-four days with inadequate light and ventilation, resulting in him having a vitamin D deficiency. ECF No. 14 at 16. Mr. Canada fails to plausibly allege which Defendant—or that any Defendant—was responsible for his placement in this room. His failure to identify an individual liable actor is fatal to any claim that may exist.

### 6. MP3 Player (Claim 8)

Mr. Canada also alleges an "equal protection violation" by the State Defendants prohibiting him from possessing his MP3 player. ECF No. 14 at 20. The State Defendants assert that Mr. Canada has not exhausted his administrative remedies (ECF No. 58 at 14), and Mr. Canada does not rebut this (*see* ECF No. 60).

---

during his time in disciplinary segregation. The above analysis subsumes these claims.

Because Mr. Canada must exhaust his administrative remedies before bringing suit, *see* 42 U.S.C. § 1997e(a), the Court dismisses this claim without reaching the merits.

7. <u>Due Process Violation at Disciplinary Hearing (Claim 9) and Cruel and Unusual Punishment – Unsanitary Showers (Claim 10)</u>

Mr. Canada fails to address either of these claims in his response to the Motion to Dismiss. *See* ECF No. 61. His failure to respond constitutes a waiver of these claims. *Cf. Ortiz v. Gaston Cty. Dyeing Mach. Co.*, 277 F.3d 594, 598 (1st Cir. 2002) (failure to brief an argument will result in waiver). Accordingly, the Court dismisses these claims.

*   *   *

Because Mr. Canada fails to state any claim upon which the Court can grant relief, the Court GRANTS the State's Motion to Dismiss (ECF No. 58).

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

April 3, 2018